## Ott v. Monper

*William B. Paul*, for plaintiff; *Harry J. Thomas*, for defendant.

EGAN, J., January 21, 1932.—This is an action in replevin brought to recover possession of a policy of life insurance. The cause is before the court on a rule ex parte plaintiff for judgment for want of a sufficient affidavit of defense.

Plaintiff sets forth in his declaration that in 1924 his life was insured in the Fidelity Mutual Insurance Company, and that a policy was issued to him by the insurance company on December 18, 1924, in lieu of an earlier policy of said company issued in 1904, and that he kept this policy in a tin box in his possession and custody at his residence until April 14, 1928, at which time, he avers, defendant took the tin box containing the policy and has kept it in her possession since that time. The declaration does not disclose that plaintiff caused the insurance to be issued, nor does it set forth any averment concerning the payment of the premiums.

Defendant, in her affidavit of defense, admits possession of the policy, but denies that plaintiff ever had possession of the policy, and denies the plaintiff's claim of title. Defendant further denies that plaintiff took out the insurance,

averring that Caroline Ott, wife of plaintiff and mother of defendant, took out the insurance on the life of plaintiff. Plaintiff is the father of the defendant. Defendant further denies that plaintiff ever had possession of the policy, and avers that Caroline Ott had possession of it in her safe deposit box in the Workingman's Savings Bank and Trust Company until the death of Caroline Ott on April 9, 1928, after which the defendant avers she secured it from the said safe deposit box. Defendant further avers that all premiums due on the insurance policy, which accrued during the lifetime of her mother, Caroline Ott, were paid by the said Caroline Ott out of her own earnings. Defendant further avers that: "On or about April 25, 1928, being after the death of said Caroline Ott, plaintiff consented to the change of beneficiary from said Caroline Ott to Mathilda Monper, defendant, whereupon it was verbally agreed that plaintiff would not be responsible for the payment of the premiums on said policy of insurance, and the defendant agreed to pay the premiums on said policy and provide a home for the plaintiff." And she further avers that this agreement was carried into effect until August 1, 1930, when plaintiff voluntarily left her home without any fault on the part of the defendant. In the twelfth paragraph of the affidavit of defense defendant avers that all premiums due on said insurance policy from the death of the said Caroline Ott up to the time of the institution of this suit were paid by defendant out of her own moneys.

Caroline Ott, the wife of Nicholaus Ott, the plaintiff, had an insurable interest in the life of her husband, and, according to the averments of paragraph three of the affidavit of defense, the said policy was secured on the life of the plaintiff by Caroline Ott, who subsequently paid the premiums until the time of her death on April 9, 1928. After the death of Caroline Ott, according to the averments of the affidavit of defense, the defendant, Mathilda Monper, the daughter of the plaintiff, after the policy was changed to name her as the beneficiary, paid all the premiums that accrued from 1928 until the date of this action.

In Bowers v. Parker, 58 N. H. 565, an action in detinue for the recovery of a life insurance policy, it was held that one who paid the premiums on a policy had the right to its possession, and this case was cited with approval by Judge McLean in the case of Johnson v. Parke et al., 15 D. & C. 750, which was an action in replevin to determine the right of possession of a certain policy of insurance. The court said: "As a general rule the right to the possession of a life insurance policy is in the person who effects the insurance and pays the premium."

Mathilda Monper had an insurable interest in the life of her father, the plaintiff in this action, and if she had secured insurance on his life and an original policy were issued to her, and she paid the premiums, she would be entitled to the possession and custody of the policy. We cannot see any distinction between the issuance of an original policy to her and the continuance by her to pay premiums on a policy which had been issued to her mother, in which, by agreement between plaintiff and defendant, the defendant was named the beneficiary, on which she paid the premiums which accrued after her mother's death, and of which she had possession.

Therefore, as the defendant in her affidavit of defense denies the claim of title of plaintiff and sets up in her own right a prima facie claim of title, she should have her cause determined by a jury. For this reason it will not be necessary to pass upon the construction of the will of Caroline Ott, as set forth in the affidavit of defense, under which defendant sets forth an additional claim of title to the insurance policy. The rule will be discharged.

From William J. Aiken, Pittsburgh, Pa.